# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No: 8:22-cr-00348-WFJ-JSS

**JUAN RAMON VAZQUEZ OTERO**
_____/

## PROPOSED DEFENSE VOIR DIRE QUESTIONS

The Defendant, Juan Ramon Vazquez Otero, by and through his attorneys, Raudel Vitier and Stephen Consuerga, pursuant to Federal Rule of Criminal Procedure 24(a), files these proposed defense voir dire questions for the Court's consideration:

1

# DEFENDANT'S REQUESTED VOIR DIRE NO. 1

We start with the presumption of innocence. Mr. Vasquez is presumed innocent under the law. It's a fact. It's a given. It's our starting point. Essentially you must believe (presume) that Mr. Vazquez is innocent despite being accused of committing a crime. Mr. Vazquez does not have to prove his innocence or produce any evidence at all. That presumption stays with Mr. Vazquez unless and until the Government proves that he committed a crime beyond and to the exclusion of every reasonable doubt.

1. Knowing what the law is and sitting here today, can you presume or believe that Mr. Vazquez is innocent?
2. Can you presume or believe that Mr. Vazquez is innocent despite being accused of committing a crime?
3. Can you presume or believe that Mr. Vazquez is innocent despite the accusation that he committed an aggravated assault?
4. Can you presume or believe that Mr. Vazquez is innocent despite the accusation that the alleged victim, Mr. McClain, was assaulted and seriously injured?
5. Knowing what the law is, does Mr. Vazquez have to prove his innocence to you?

6. Knowing what the law is, the fact that Mr. Vazquez stands accused of committing a crime, and the fact that we're here in federal court in a criminal trial with everyone here present, *can you still presume or believe that he's innocent?*

7. Can you presume that Mr. Vazquez is innocent given language barriers and the fact that he primarily speaks Spanish?

8. If the Government doesn't prove each and every element beyond and to the exclusion of every single reasonable doubt, what happens to the presumption of innocence with Mr. Vazquez?

# DEFENDANT'S REQUESTED VOIR DIRE NO. 2

You've heard what the accusations are: that Mr. McClain was assaulted by Mr. Vazquez and that he sustained some serious bodily injuries. However, Mr. Vazquez was attacked and acted in lawful self-defense. Self-defense is allowed under the law. People are justified in the use of self-defense if they reasonably believe that it's necessary to defend themselves against the immediate use of unlawful force by another. Force must be proportional: A person must use no more force than appears necessary under the circumstances. Force likely to cause death or serious bodily injury to another is justified in cases of self-defense only if they reasonably believe that such force is necessary to prevent death or serious bodily injury to themselves. Ultimately, the Government must prove beyond a reasonable doubt that Mr. Vazquez *did not* act in reasonable self-defense.

1. Are you open to the defense that Mr. Vazquez needed to protect himself and acted in reasonable self-defense? Is that something that you are willing to consider: that Mr. Vazquez acted in self-defense? Is that something that you *cannot* consider? Is that something that you *will not* consider?

2. Despite knowing what the law is, who here *does not* believe that anyone can or should ever defend themselves when they're attacked?

3. Who here believes that someone being attacked *must always* run away and can never defend themselves?

4. Who here believes that violence is never the answer? That you should turn the cheek instead and continue being pummeled, hurt, or even face death?

5. Does anyone have a <u>moral objection</u> to defending oneself? Does anyone have a <u>religious objection</u> to the use of self-defense?

6. Does language play a role at all in defending oneself? In other words, does it matter if you're a Spanish speaker defending yourself against someone who speaks English?

7. Does heritage play a role at all in defending oneself? If you're of Puerto Rican ancestry, does it matter that you're defending yourself against someone different from you? What about defending yourself from an English-speaking American?

# DEFENDANT'S REQUESTED VOIR DIRE NO. 3

As we learned earlier, the law presumes that every defendant is innocent. Defendants do not have to prove their innocence or present any evidence at all. In fact, a defendant does not have to testify at all. And if they choose not to testify, then you cannot consider that when you're making your decision in any way, shape, or form. Although, many people feel that if they are innocent that they would testify to prove their innocence.

1. Knowing what the law is, do you still need to hear from Mr. Vazquez to prove his own innocence?

2. Knowing what the law is, do you still need to hear from Mr. Vazquez to determine whether the Government succeeds in proving its case beyond a reasonable doubt?

3. Knowing what the law is, do you need to hear from Mr. Vazquez to prove he acted in reasonable self-defense?

4. Who on the panel needs to hear Mr. Vasquez testify before you would be able to return a verdict of "Not Guilty"?

5. If Mr. Vazquez doesn't testify, the judge will give you instructions that you cannot consider that *at all* when deciding the case. Even though the law tells you that you're not to consider that, even though the judge instructs

you that you're not to consider that, will you still consider Mr. Vazquez's silence when making your decision?

**DEFENDANT'S REQUESTED VOIR DIRE NO. 4**

The Government has the heavy burden of proving that Mr. Vazquez committed the crime of aggravated assault beyond and to the exclusion of every single reasonable doubt. Reasonable doubt is based on reason and your common sense when you're going through the evidence in this case. Beyond a reasonable doubt is not beyond *all* doubt. Instead, proof beyond a reasonable doubt is proof that's so convincing that you can rely on it and act on it without hesitation. Not only must the Government prove that Mr. Vazquez committed an aggravated assault, but it must also prove that he *did not* act in reasonable self-defense. These are the things the Government must prove in this case. Mr. Vazquez has no burden to prove his innocence. If the Government cannot prove that a crime was committed and that Mr. Vazquez *did not* act in reasonable self-defense, then Mr. Vazquez is *not guilty*.

1. Knowing what reasonable doubt is, if the Government proves to you that Mr. Vazquez *probably* committed an aggravated assault, then is *probably* enough? Why or why not?

2. Knowing what reasonable doubt is, if the Government proves to you that Mr. Vazquez *likely* committed an aggravated assault, then is *likely* enough?

7

3. Knowing what reasonable doubt is, if the Government proves that Mr. Vazquez *maybe* committed an aggravated assault, then is *maybe* enough? Why or why not?

4. Who here thinks it's unfair that the Government must essentially prove a negative here? That is, that the Government must prove that Mr. Vazquez *did not* act in reasonable self-defense?

5. What about the Government proving that Mr. Vazquez *probably* did not act in reasonable self-defense? Why or why not?

6. What about the Government proving that Mr. Vazquez *likely* did not act in reasonable self-defense? Why or why not?

7. What about the Government proving that Mr. Vazquez *maybe* did not act in reasonable self-defense? Why or why not?

8. Who here thinks that the burden of proving self-defense should rest not on the Government's shoulders, but on Mr. Vazquez's shoulders instead? Why do you think that?

# DEFENDANT'S REQUESTED VOIR DIRE NO. 5

The Government will try to prove its case beyond and to the exclusion of every reasonable doubt through different types of evidence. Through the testimony of witnesses, through circumstantial evidence, and through physical evidence, like pictures and videos. Some of the pictures and videos in this case may depict acts of violence, blood, and gore. Cases involving violence aren't for everyone.

1. Knowing that this case may contain this type of evidence, is this the right kind of case for you? Is this *not* the right case for you? Why or why not?

2. Knowing that this case may contain this type of evidence, are you able to look at this kind of evidence in an objective way to determine whether a crime was committed?

3. Will this type of evidence sway you in favor of voting guilty just because of the nature of the evidence?

    a. Will evidence depicting two men fighting affect your ability to be fair and impartial in weighing and considering all of the evidence in this case to reach a decision?

    b. Will evidence depicting blood affect your ability to be fair and impartial in weighing and considering all of the evidence in this case to reach a verdict?

c. Will evidence depicting gore affect your ability to be fair and impartial in weighing and considering all of the evidence in this case to reach a verdict?

4. Will this type of evidence be so impactful, troublesome, or grotesque that it distracts you from assessing and considering all of the other evidence in this case impartially and objectively to reach a decision?

5. Do you have a moral objection to looking at this type of evidence and the ability to consider it honestly, truthfully, and impartially?

6. Do you have a religious objection to looking at this type of evidence and the ability to consider it honestly, truthfully, and impartially?

7. Can you look at this kind of evidence and honestly, truthfully, and impartially consider it when you're determining whether the Government can prove that Mr. Vazquez committed an aggravated assault?

8. Can you look at this kind of evidence and honestly, truthfully, and impartially consider it when you're determining whether Mr. Vazquez acted in reasonable self-defense? Or will this type of evidence make that impossible for you to do?

# DEFENDANT'S REQUESTED VOIR DIRE NO. 6

Do you have any family, close friends, or acquaintances who are in law enforcement, including state, county, or federal police officers, sheriff deputies, U.S. Coast Guard, law enforcement agents such as the FBI, DEA, IRS, or any state or other federal law enforcement agency?

1. If so, who do you know?
2. What does that person do?
3. What is the nature of your relationship to that person?
4. Could the fact that you have such a friend or relative in any way affect your ability to be a fair and impartial juror sitting in a criminal case and evaluating the testimony of law enforcement officers and military personnel?
5. Would you be more or less inclined to believe a witness *solely* because he or she has worked for law enforcement?
6. Would you be able to confront that friend, family member, or acquaintance and tell them with a straight face that you didn't believe a law enforcement agent's testimony?

# DEFENDANT'S REQUESTED VOIR DIRE NO. 7

Have you, any member of your family or close friend, ever been the victim of a crime?

1. If so, what happened?

2. When did the incident occur?

3. Were you satisfied with the way law enforcement handled the matter?

4. Was anyone charged or prosecuted as a result of that incident? If so, did you have to speak to the police, appear in court, or give testimony in that regard?

5. Is there anything about being the victim of a crime that could affect your ability to render a verdict in this case? To be fair and impartial in this type of case? To be neutral in a case involving allegations that Mr. Vazquez committed an aggravated assault?

# DEFENDANT'S REQUESTED VOIR DIRE NO. 8

Has any member of the jury panel, or any family member, relative, or close personal friend or acquaintance of yours, ever been investigated by any federal, state, or local law enforcement agency?

1. If so, what was the subject of the investigation?
    a. What was the outcome of the investigation?
    b. Was that investigation fairly completed?
    c. Will that investigation in any way color your impression of the investigation done by the agents or officers in this case and the ability to fairly and impartially evaluate the evidence and testimony that the Government brings?
2. Have you or any family member, relative, or close friend ever been arrested, charged, or convicted of any crime?
    a. If so, what was the crime?
    b. What was the outcome of the case?
    c. Will that experience in any way color your impression of the testifying agents or officers in this case and the ability to fairly and impartially evaluate their evidence and testimony that the Government brings?

# DEFENDANT'S REQUESTED VOIR DIRE NO. 9

Has anyone ever been a witness in any type of court or judicial proceeding?

1. If so, was it a criminal or civil case?

2. If it was civil, was it the plaintiff or the defendant who called you as a witness?

3. If it was criminal, was it the government who called you as a witness?

4. Will that experience in being a witness lend any biases for or against the witnesses who testify in this case and impact your ability to be fair and impartial when evaluating the evidence in this case?

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

***/s/ Stephen Consuegra***
Stephen Consuegra, Esq.
Florida Bar No. 105816
Assistant Federal Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
E-mail: Stephen_Consuegra@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2023, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

Samantha Beckman, AUSA

                                          */s/ Stephen Consuegra*
                                          Stephen Consuegra, Esq.
                                          Assistant Federal Defender