# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-cr-00348-WFJ-JSS

JUAN RAMON VAZQUEZ OTERO
_____/

## ADDITIONAL PROPOSED JURY INSTRUCTIONS

The Defendant, Juan Ramon Vazquez Otero, requests the following additional proposed jury instructions be given during the Court's charge to the jury and incorporated into the parties' joint proposed jury instructions (Doc. 42).

# T4
# Explanatory Instruction
# Role of the Interpreter

We seek a fair trial for all regardless of what language they speak. We are going to have an interpreter assist us through these proceedings, and you should know what the interpreter can do and what he or she cannot do. Basically, the interpreter is here only to help us communicate during the proceedings. The interpreter is not a party in the case, has no interest in the case, and will be completely neutral. Accordingly, he or she is not working for either party. The interpreter's sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in his or her language. Consider as evidence only what is provided by the interpreter in English. If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

# T3
# Explanatory Instruction
# Transcript of Tape-Recorded Conversation

Members of the Jury: Exhibit _____ has been identified as a typewritten transcript [and partial translation from Spanish into English] of the oral conversation heard on the tape recording received in evidence as Exhibit _____. [The transcript also purports to identify the speakers engaged in the conversation.]

I've admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording [,particularly those portions spoken in Spanish,] [and also to help you identify the speakers.]

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation [or the identity of the speakers] is entirely for you to decide based on [your own evaluation of the testimony you have heard about the preparation of the transcript, and from] your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

3

# S19
# Evidence of Flight

Intentional flight or concealment by a person during or immediately after a crime has been committed, or after he is accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person. But intentional flight or concealment under those circumstances is a fact which, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the Defendant's conduct constituted flight or concealment is exclusively for you, as the Jury, to determine. And if you do so determine, whether or not that flight or concealment showed a consciousness of guilt on his part, and the significance to be attached to that evidence, are also matters exclusively for you as a jury to determine.

I remind you that in your consideration of any evidence of flight or concealment, if you should find that there was flight or concealment, you should also consider that there may be reasons for this which are fully consistent with innocence. These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

*/s/ Stephen Consuegra*
Stephen Consuegra, Esq.
Florida Bar No. 105816
Assistant Federal Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
E-mail: Stephen_Consuegra@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 16, 2023, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

Gregory Pizzo, AUSA

                                        */s/ Stephen Consuegra*
                                        Stephen Consuegra, Esq.
                                        Assistant Federal Defender